UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER JOHNSON, #395324,

        Petitioner,

v.                              Case No. 10-11822
                                    Honorable Patrick J. Duggan

SHERRY BURT,

        Respondent.

_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR A WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

Michigan prisoner Roger Johnson has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 contending that he is being held in violation of his constitutional rights.  Following a bench trial in the Circuit Court for Wayne County, Michigan, Petitioner was convicted of carrying a concealed weapon in violation of Mich. Comp. Laws § 750.227, felon in possession of a firearm in violation of Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony (second offense) in violation of Mich. Comp. Laws § 750.227b.  In 2008, the trial court sentenced Petitioner to five years in prison on the felony firearm conviction and to concurrent terms of five years probation on the other convictions.  In his habeas pleadings, Petitioner raises claims concerning the sufficiency of the evidence, the conduct of the prosecutor, and the effectiveness of trial counsel.  For the reasons stated herein, the Court denies the petition

for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.     Factual and Procedural Background

Petitioner's convictions arise from a traffic stop in Detroit, Michigan on September 12, 2007, in which he was found to be in possession of a gun.  At trial, Police Officer Delawn Steen testified that he observed the driver of a burgundy Oldsmobile traveling westbound on Lyndon at Bentler disregard a stop sign, make a turn without signaling, and drive approximately 40 mph in a 25 mph zone.  After pulling the car over, Officer Steen saw the driver, Petitioner, pull a gun from his front left pants pocket and place it under his right side.  When Petitioner was removed from the car, Officer Steen saw the gun on the front driver's seat.  Officer Steen's partner, Officer William Rice, confiscated the gun. Officer Steen asked Petitioner if he had a CCW permit and a license, and Petitioner replied that he did not.

Officer Rice testified that he and Officer Steen conducted a traffic stop of Petitioner's car and issued tickets for reckless driving and no operator's permit.  Officer Rice further testified that after Petitioner was removed from the car, he observed a gun sitting on the driver's seat.  Officer Rice recovered the gun.  A passenger in the vehicle, Jamie Briggs, was released at the scene.

The parties stipulated that Petitioner was previously convicted of a "specified felony" and was ineligible to carry a gun.  The prosecution rested.  Defense counsel moved for dismissal or directed verdict, which the trial court denied.

Petitioner testified in his own defense.  He claimed that he was driving the vehicle because he had finished working on it and was taking it for a test drive.  Petitioner testified that there was no stop sign at the Lyndon/Bentler intersection.  He further testified that he was pulled from the car by a police officer after pulling up to a friend's house.  He denied having a gun in the car and maintained that the vehicle did not belong to him.  On cross examination, Petitioner admitted that he did not have an operator's permit and that he saw the gun the police retrieved from the car.  Petitioner recalled telling the police officers that he was on parole for CCW and acknowledged having three prior gun convictions.

Mr. Briggs testified that he was the passenger in the car driven by Petitioner and that there was no stop sign at the Lyndon/Bentler intersection.  Mr. Briggs testified that when he and Petitioner pulled up to a yellow house, police officers pulled Petitioner and him out of the car.  He further testified that he saw an officer remove a gun from the driver's side floor board of the car.  Mr. Briggs told the police that he had nothing to do with the gun.  In response to the trial judge's questioning, Mr. Briggs said that he had previously seen Petitioner drive the vehicle "at one point in time to go to the store."  Mr. Briggs further indicated that when he got in the car, Petitioner did not say where he was going and he assumed they were going to a friend's house.  Mr. Briggs admitted that he saw the gun on the driver's side floor board as he was exiting the car.  The defense rested.

The trial judge informed the parties that he had driven to the Lyndon/Bentler intersection and there was no stop or yield sign for Lyndon traffic.  He further stated that

3

he did not believe that there ever was such a sign at that location.

Following closing arguments, the trial court found Petitioner guilty of the charges.

The court explained:

> Okay. Well, I'm prepared to rule. The Defendant is charged, of course, as counsel points out at the conclusion of his argument with CCW in a motor vehicle and felon in possession and felony firearm second offense actually which carries a five year mandatory consecutive prison term.
>
> The police say they found a gun in the car when they stopped him and he says it wasn't his gun. He didn't know anything about the gun. There is some highly imperfect testimony from two Detroit police officers about what they saw and what motivated the stop to make this stop in the first place. I was concerned about the apparent, say, disorientation of these two cops about the city and which way the streets run and the distances between given points on the map.
>
> Delawn Steen particularly sounded like somebody who just moved here from another planet, but that having been said, the real issue here is whether or not there was a gun in the car and whether or not the Defendant knew it.
>
> This isn't a motion to suppress evidence based on an unlawful stop or search and seizure, but let me just touch on that a little bit. It's pretty clear to me that there was no stop sign at Lyndon and Bentler so the officer's testimony about that particular traffic infraction is incredible, but it could be, based on my impression of Steen and Rice, the two officers that testified, it could be an honest mistake based on the level of competence of these two officers which gives the Court some concern, but it's concern that I've had before and it's probably concern that I will carry with me through my career on the bench when you have Detroit police officers testify in court.
>
> That having been said, the disorientation actually kind of puts them in a better light when it comes to credibility. I more expect that he didn't know or remember what they saw rather than they are fabricating or lying and Steen did say that he also observed, and I believe Rice did, too, in a sense, that they saw the Defendant speeding on Bentler which would have in and have itself, would have given the officers probably [sic] cause to make this traffic stop and I only have to believe probably [sic] cause by a

4

preponderance of the evidence.

So I say all that to say that if there had been a pretrial motion to suppress and I had heard all of the testimony in that motion that I heard in this trial—I probably would rule that the search was legal and that the approach to the car and the stop was legal and justified.

Question—the question is, did the officers see a gun in plain view? Well, they said that they did or Steen says he did. Was he lying? I might almost be inclined to think that he might have not been entirely candid in his testimony and that either there was no gun at all in the possession of the Defendant or in the car or that it was found as a result of a more thorough search of the car, but for the Defendant's own witness, who verified that there was a gun in the car and it was in plain view, he just said it was in a different place than the officers said it was, but who cares where it was.

The important thing is, was it in plain view and was it in the car and is there a strong likelihood or am I convinced beyond a reasonable doubt that the Defendant knew it was there. It's impossible for me to imagine that someone who decides to give a car to somebody down the street to fix the brakes or replace an axle, that the owner of that car is going to leave a gun in the car.

I mean, that's just—is not a scenario that strikes me as being very plausible, and even if that were the case clearly based on the defense witness's testimony about where the gun was, the Defendant had to know that the gun was there.

I mean, it was right at his feet and he'd been working on the car for a couple of days, he said, and he'd been driving the car for at least a few minutes and the gun doesn't have to be his and, in fact, the People don't even have to show possession in a technical sense.

They only have to show for a CCW in a motor vehicle that the Defendant transported the gun in a car and knew the gun was in the car and based on the defense witness's testimony I—it's impossible for me to come to any other conclusion than the gun was there and the Defendant knew it was there and of course by driving the car he was actively involved in transporting the gun.

Now, whatever you can say about the police officers and their credibility or

reliability, really, as witnesses, the Defendant comes across even worse, really, in his version of how he happened to be in possession of the car, the circumstances under which he was stopped, the circumstances under which he happened to have the defense witness in the car with him which, by the way, varies wildly from the defense witness's own version of how he happened to be in the car and, of course, the Defendant has a reason to lie about the gun, a very good reason to lie, and it's manifest.

The police officers, on the other hand, have no reason to lie. They've never been involved with this Defendant before. They've never—even though they're members of their Gang Enforcement officers working in plain clothes with an unmarked car, they're not patrol officers in this area. They didn't know the Defendant.

The Defendant didn't say that he had any contact with them. Did they have any reason to know they were going to find contraband in the car when they stopped it? No, not as far as I can tell. So their credibility about finding the gun is considerably greater than the Defendant's denial of same and then of course the defense witness supports, in most respects, the People's version of the circumstances of the finding of the gun or the presence of the gun in the car.

The fact that the defense witness puts the gun on the floor and the police officer puts it on the seat is a discrepancy that to me is a distinction without a difference.

I find the Defendant guilty as charged of carrying a concealed weapon in a car, and felony firearm based on the stipulation of his prior felony conviction and of course felony firearm second time around as charged.

(1/28/08 Trial Tr. at 55-60.)

Following his convictions and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims presented on habeas review.  The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."  *People v. Johnson*, No. 287242 (Mich. Ct. App. Jan. 12, 2009) (unpublished).  Petitioner also filed an application for leave to appeal with the Michigan

6

Supreme Court, which was denied in a standard order.  *People v. Johnson*, 483 Mich.

1020, 765 N.W.2d 303 (2009).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I.      His convictions should be reversed where the prosecutor failed to
        present sufficient evidence to satisfy the due process standard of
        guilt beyond a reasonable doubt where the conflicting witness
        testimony rose to the level of false reporting and false testimony.

II.     He was denied a fair trial when the prosecutor repeatedly elicited
        testimony about his criminal history involving gun convictions, as
        well as his parole status.

III.    Defense trial counsel was ineffective in failing to move to suppress
        his criminal record as unfairly prejudicial.

Respondent has filed an answer to the petition contending that it should be denied

because the claims lack merit.

## III.    Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA").  Under the AEDPA, a state prisoner is entitled to a writ of

habeas corpus only if he can show that the state court's adjudication of his claims –

(1) resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the
Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination
of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court has

on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 364-65,

120 S. Ct. 1495, 1498 (2000).  An "unreasonable application" occurs when "a state court

decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's

case." *Id*.  A federal habeas court may not "issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly." *Id*. at 411, 120 S. Ct. at 1522.

The Supreme Court has explained that "[a] federal court's collateral review of a

state-court decision must be consistent with the respect due state courts in our federal

system." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003). The

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'

and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v.

Lett*, – U.S. – , 130 S.Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333,

n. 7, 117 S. Ct. 2059 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357

(2002) (per curiam)).  "[A] state court's determination that a claim lacks merit precludes

federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of

the state court's decision." *Harrington v. Richter*, – U.S. – , 131 S.Ct. 770, 786 (2011)

(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140 (2004)).  The

Supreme Court has emphasized "that even a strong case for relief does not mean the state

court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S.

8

63, 75, 123 S. Ct. 1166 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.* "[I]f this standard is difficult to meet, that is because it was meant to be." *Id.*

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5, 99 S. Ct. 2781 (1979)) (Stevens, J., concurring)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

Additionally, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161

F.3d 358, 360-61 (6th Cir. 1998).  Moreover, habeas review is "limited to the record that

was before the state court."  *Cullen v. Pinholster*, – U.S. – , 131 S. Ct. 1388, 1398 (2011).

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of

merit in the grounds presented," and the Michigan Supreme Court denied leave to appeal

in a standard order.  For the reasons that follow, this Court concludes that the state courts'

denial of relief is neither contrary to Supreme Court precedent nor an unreasonable

application of federal law or the facts.[1]

## IV.    Analysis

### A.     Sufficiency of the Evidence

Petitioner first asserts that he is entitled to habeas relief because the prosecution

failed to present sufficient evidence to support his convictions.  Petitioner challenges the

credibility of the police officers' testimony.  The Due Process Clause "protects the

accused against conviction except upon proof beyond a reasonable doubt of every fact

necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358,

364, 90 S. Ct. 1068, 1073 (1970).  The relevant question is whether, after viewing the

evidence in the light most favorable to the prosecution, any rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v.

Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979) (internal citation and

footnote omitted).  A federal court may not reweigh the evidence or redetermine the

_____

[1]The Court would reach the same result under a *de novo* standard of review.

10

credibility of the witnesses.  *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S. Ct. 843,

851 (1983).  "It is the province of the factfinder to weigh the probative value of the

evidence and resolve any conflicts in testimony."  *Matthews v. Abramajtys*, 319 F.3d 780,

788 (6th Cir. 2003) (citing *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992)).  A habeas

court must defer to the factfinder for its assessment of the credibility of witnesses.  *Id.*

The sufficiency of evidence standard "must be applied with explicit reference to

the substantive elements of the criminal offense as defined by state law," *Jackson*, 443

U.S. at 324 n. 16, 99 S. Ct. at 2792 n.16, and through the framework of 28 U.S.C. §

2254(d).  *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002).  Thus, under the AEDPA,

challenges to the sufficiency of the evidence "must survive two layers of deference to

groups who might view facts differently" than a reviewing court on habeas review – the

factfinder at trial and the state court on appellate review – as long as those determinations

are reasonable.  *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Under Michigan law, the elements of carrying a concealed weapon in a vehicle

are:  (1) the weapon was in a vehicle operated or occupied by the defendant; (2) the

defendant was aware that the weapon was in the vehicle; and, (3) the defendant was

carrying the weapon.  *See* Mich. Comp. Laws § 750.227; *People v. Nimeth*, 236 Mich.

App. 616, 622, 601 N.W.2d 393 (1999).  The elements of felon in possession of a firearm

are:  (1) that the defendant was convicted of a felony, (2) that the defendant possessed a

firearm, and (3) that at the time of possession less than three or five years, depending on

the underlying felony, has passed since the defendant completed his term of incarceration,

11

satisfied all conditions of probation and parole, and paid all fines.  *See* Mich. Comp. Laws
§ 750.224f.  The elements of felony firearm are that the defendant possessed a firearm
during the commission of, or an attempt to commit, a felony offense.  *See* Mich. Comp.
Laws § 750.227b; *People v. Akins*, 259 Mich. App. 545, 554, 675 N.W.2d 863 (2003)
(quoting *People v. Avant*, 235 Mich. App. 499, 505, 597 N.W.2d 864 (1999)).  Direct or
circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to
prove the elements of a crime.  *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177
(1993).

In this case, the police officers' testimony and witness Jamie Briggs' testimony, if
believed, provide sufficient evidence that Petitioner committed the charged offenses.
Petitioner challenges the inferences and credibility determinations made by the trial judge
during the bench trial.  However, it is the job of the fact-finder at trial, not a federal
habeas court, to resolve evidentiary conflicts.  *See Jackson*, 443 U.S. at 326; *Martin*, 280
F.3d at 618; *see also Walker v. Engle*, 703 F.2d 959, 969–70 (6th Cir. 1983) ("A federal
habeas corpus court faced with a record of historical facts that supports conflicting
inferences must presume—even if it does not affirmatively appear in the record—that the
trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that
resolution.").  The trial judge's verdict was reasonable.  The evidence presented at trial,
viewed in a light most favorable to the prosecution, established beyond a reasonable
doubt that Petitioner committed the charged offenses – namely that he knowingly carried
a gun in the car he was driving and that he was ineligible to do so based upon his status as

12

a felon.  Habeas relief is not warranted on this claim.

### B.    Conduct of the Prosecutor

Petitioner next asserts that he is entitled to habeas relief because the prosecutor engaged in misconduct by eliciting testimony regarding Petitioner's criminal history of gun convictions and his parole status.  The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction."  *Berger v. United States*, 295 U.S. 78, 88, 55 S. ct. 629, 633 (1935).  To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S. Ct 1868, 1872 (1974).

Petitioner has made no such showing. First, Petitioner's status as a convicted felon was relevant to the felon in possession of a firearm charge such that the prosecutor's questions about Petitioner's prior convictions and parole status did not constitute misconduct   Second, the record reveals that defense counsel opened the door to such questions by bringing up Petitioner's parole status while cross-examining Officer Steen. Second, even if the prosecutor erred by further delving into such matters, any error did not render the trial fundamentally unfair.  The prosecutor never urged the trial court to convict Petitioner based upon any propensity to commit crimes, his criminal history, or his parole status– and the record indicates that the trial court did not rely upon such factors in rendering its verdict.  To be sure, a trial judge in a bench trial is presumed to

13

know the law and to consider only relevant and admissible evidence in reaching a verdict.

*See Walton v. Arizona*, 497 U.S. 639, 653, 110 S. Ct. 3047, 3051 (1990), *overruled on*

*other grounds by Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428 (2002); *Brown v.*

*Pitcher*, 19 F. App'x. 154, 157 (6th Cir. 2001); *United States v. Joseph*, 781 F.2d 549,

552 (6th Cir. 1986).  Petitioner has not rebutted this presumption.  He has failed to

establish that the prosecutor erred and/or that the prosecutor's conduct deprived him of a

fundamentally fair trial.  Habeas relief is not warranted on this claim.

### C.      Effectiveness of Trial Counsel

Lastly, Petitioner asserts that he is entitled to habeas relief because trial counsel

was ineffective for failing to seek suppression of Petitioner's criminal record.  In order to

establish ineffective assistance of counsel, a habeas petitioner must show "that counsel's

performance was deficient . . . [and] that the deficient performance prejudiced the

defense."  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984);

*O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).  In determining whether

counsel's performance was deficient,

> [t]he court must ... determine whether, in light of all the circumstances, the
> identified acts or omissions were outside the wide range of professionally
> competent assistance . . .. At the same time, the court should recognize that
> counsel is strongly presumed to have rendered adequate assistance and
> made all significant decisions in the exercise of reasonable professional
> judgment.

*Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066.  Therefore, judicial scrutiny of counsel's

performance must be "highly deferential."  *Id*. at 689, 104 S. Ct. at 2065.  As to the issue

14

of prejudice, counsel's errors must have been so serious that they deprived the petitioner

of a fair trial or appeal.   A petitioner must show that "there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been

different."   *Id*. at 694, 102 S. Ct. at 2068.  A reasonable probability is one that is sufficient

to undermine confidence in the outcome.  *Id*.

      The Supreme Court has recently confirmed that a federal court's consideration of

ineffective assistance of counsel claims arising from state criminal proceedings is quite

limited on habeas review due to the deference accorded trial attorneys and state appellate

courts reviewing their performance.  "The standards created by Strickland and § 2254(d)

are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."

*Harrington*, 131 S. Ct. at 788 (internal and end citations omitted).  "When § 2254(d)

applies, the question is not whether counsel's actions were reasonable.  The question is

whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential

standard."  *Id*.

      In this case, Petitioner has failed to show that trial counsel erred and/or that he was

prejudiced by counsel's conduct.  As noted, Petitioner's criminal record and parole status

were relevant to the felon in possession charge.  Counsel may have thus reasonably

determined that a motion to suppress or other objection would be futile, particularly given

the nature of a bench trial.  Moreover, even if counsel erred, Petitioner has failed to

demonstrate that he was prejudiced by counsel's conduct.  The record shows that the trial

court based its decision upon relevant and admissible evidence and did not convict

Petitioner based upon his criminal record or parole status.  Petitioner has failed to establish that counsel was ineffective under the *Strickland* standard.  Habeas relief is not warranted on this claim.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.  The Court therefore is denying his request for the writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1035 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims.  *Id.* at 336-37.

Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his claims.

16

Accordingly,

**IT IS ORDERED**, that Petitioner's application for the writ of habeas corpus

pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner is **DENIED** a certificate of

appealability;

**IT IS FURTHER ORDERED**, that Petitioner is **DENIED** leave to proceed *in

forma pauperis* on appeal as any appeal from this decision cannot be take in good faith.

*See* Fed. R. App. P. 24(a).

Dated: August 29, 2012                    s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE


Copies to:
Roger Johnson, #395324
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

AAG Raina I. Korbakis